**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MANUEL NIEBLAS-ANGUAMEA, #46524-308**                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 5:14-cv-83-DCB-MTP**

**DIAMOND PHARMACY SERVICES and
CORRECTIONS CORPORATION OF AMERICA**                **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On October 1, 2014, Plaintiff Nieblas-Anguamea, a federal inmate currently incarcerated at the Adams County Correctional Center, Natchez, Mississippi, filed this *pro se* action pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971).  The Court has liberally construed the pleadings.  For the reasons set forth below, this case is dismissed.

**I. Background**

Plaintiff complains that he was improperly prescribed Phenytoin, a medication for epilepsy and seizures.  He states that he does not have epilepsy and does not suffer from seizures.  He further complains that he was given Phenytoin without being informed of the side effects and without the warnings of the Federal Drug Administration.  He claims that use of this medication has caused him to develop deep vein thrombosis (DVT).  Plaintiff argues that due to the "negligence of Diamond Pharmacy Services and Correction[s] Corporation of America" he will not be able to work or afford the proper medications when he is released from incarceration.  Compl. [1] at 3.  As relief, he seeks monetary damages.

**II.  Discussion**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma*

*pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised" in the pleadings on file.  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  The Court has permitted Plaintiff to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under Section 1915.

A federal inmate may assert a constitutional challenge to the conditions of his confinement under *Bivens*.  *See Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388, 395-97 (1971).  In order to state a *Bivens* claim, Plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution.  *Id.*  Defendant Corrections Corporation of America is a private corporation that owns and operates the Adams County Correctional Center.  The facility houses inmates on behalf of the federal Bureau of Prisons (BOP).  Defendant Pharmacy Services is a private corporation that provides medications to inmates of the Adams County Correctional Center.  The Supreme

Court has declined to extend the *Bivens* right of action to suits against private entities acting under color of federal law.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001)(federal inmate may not seek relief under *Bivens* against a private corporation operating a halfway house under contract with the BOP);  *see also Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012)(finding *Bivens* action not available against individual employees of private prison when inmate could seek remedy under state tort law).  Therefore, Plaintiff cannot maintain a *Bivens* action against either Defendant Diamond Pharmacy Services or Corrections Corporation of America.  *See e.g., Oriakhi v. GEO Group, Inc.,* No. 13-11269, 2014 WL 4244062, at *1 (5th Cir. Aug. 28, 2014);  *Rodriguez v. Giles W. Dalby Corr. Facility*, No. 13-10539, 522 F. App'x 382, 383 (5th Cir. Jan. 23, 2014).  This *Bivens* action is therefore dismissed for failure to state a claim upon which relief may be granted. Any possible state law claims Plaintiff may be asserting will be dismissed without prejudice.  *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction").

**III. Conclusion**

Plaintiff cannot maintain a *Bivens* action against either Defendant Diamond Pharmacy Services or Corrections Corporation of America.  Consequently, this Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).  Any state law claims asserted in this civil action are dismissed without prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).  If the

Plaintiff receives "three strikes" he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be issued.

SO ORDERED, this the  14th   day of October, 2014.


 s/David Bramlette_____
        UNITED STATES DISTRICT JUDGE

4